IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02372-BNB

DANIEL STUART,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 08 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Daniel Stuart, is a prisoner in the custody of the Colorado Department of Corrections and is incarcerated at the Sterling Correctional Facility. Mr. Stuart, acting *pro se*, filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 3, 2010. The Court must construe the Amended Application liberally because Mr. Stuart is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Stuart will be ordered to file a Second Amended Application.

The Court has reviewed the Amended Application and determined that it is deficient. Mr. Stuart has failed to include any claims in the Amended Application; instead, he has attached a sheet of paper to the Amended Application in which he purports to assert five claims. However, Mr. Stuart fails to provide any factual support for his claims. Instead, each claim is presented in one or two sentences, without any

additional allegations. For instance, his second claim reads as follows: "[w]hether Mr. Cohen is a witness to Regina Marinelli perjuring herself during Mr. Stuart's prelim. hearing and trial." Because Mr. Stuart does not provide any supporting allegations, his claims are difficult to understand.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Stuart go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Stuart must allege **on the Court-approved form** both the claims he seeks to raise and the specific facts to support each asserted claim.

The Court is not responsible for reviewing any attached documents submitted by Mr. Stuart to determine what claims and specific facts he intends to raise in the instant action. Therefore, Mr. Stuart will be ordered to file a Second Amended Application in which he identifies, **on the Court-approved form**, all the specific claims for relief that he is asserting, and in which he provides specific facts in support of each asserted claim. Accordingly, it is

ORDERED that Mr. Stuart file **within thirty days from the date of this Order** a Second Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Stuart, together with a copy of this Order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Stuart fails within the time allowed to file a Second Amended Application, as directed above, the action will be dismissed without further notice.

DATED November 8, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02372-BNB

Daniel Stuart
Prisoner No. 129919
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 11/8/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk