IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable William J. Martínez

Civil Action No. 10-cv-02372-WJM

DANIEL STUART,

    Applicant,

v.

RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO DISMISS IN PART

---

    Applicant, Daniel Stuart, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Fremont Correctional Facility in Canon City, Colorado. Mr. Stuart, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on October 15, 2010. He filed an Amended Application on November 3, 2010, and a Second Amended Application on December 2, 2010. Mr. Stuart is challenging the validity of his conviction and sentence in Case No. 03CR2556 in the Jefferson County District Court.

    On December 15, 2010, Magistrate Judge Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.

On December 23, 2010, Respondents filed a Pre-Answer Response.  Mr. Stuart filed a Reply on January 14, 2011.

On January 31, 2011, Magistrate Judge Boland found that the Second Amended Application was a mixed petition, and subject to dismissal pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982), because Mr. Stuart had failed to exhaust all of his claims before seeking relief in federal court.  Therefore, Magistrate Judge Boland ordered Mr. Stuart to show cause why the Second Amended Application should not be denied as a mixed petition.  Magistrate Judge Boland informed Mr. Stuart that he may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted, or that he could dismiss the entire action without prejudice in order to exhaust state court remedies.  Mr. Stuart filed a response to the Order to Show Cause on February 22, 2011, asserting that he wished to dismiss his unexhausted claims and proceed only with his exhausted claims.

The Court must construe liberally the Second Amended Application and Reply filed by Mr. Stuart because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Second Amended Application will be dismissed in part.

I.      Background and State Court Proceedings

Mr. Stuart was convicted by a jury of one count of aggravated robbery, one count of accessory to aggravated robbery, four counts of menacing, one count of accessory to menacing, one count of vehicular eluding, one crime of violence count, and one count of

possession of not more than one ounce of marijuana. Pre-Answer Resp. at Ex. 2, p. 6. Mr. Stuart was sentenced to a total of thirty-two years in prison. *Id.* Mr. Stuart filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court decision on May 7, 2009. Pre-Answer Resp. at Ex. 3. The Colorado Supreme Court denied certiorari review on October 13, 2009. *Id.* at Ex. 4.

On March 11, 2010, Mr. Stuart filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(c) in which he alleged that he received ineffective assistance of trial counsel. Pre-Answer Resp. at 4. The trial court summarily denied Mr. Stuart's Rule 35(c) motion, and Mr. Stuart filed an appeal to the Colorado Court of Appeals. *Id.* Respondents assert that their answer was filed on December 20, 2010, and that Mr. Stuart's appeal of his Rule 35(c) motion remains pending in the Colorado Court of Appeals. *Id.*

Mr. Stuart initiated the instant action in this Court on October 15, 2010. Respondents concede, and the Court agrees, that the action is timely under 28 U.S.C. § 2244(d).

In the Second Amended Application, Mr. Stuart asserts the following claims:

1. The trial court erred when it prevented the jury from hearing an exculpatory statement by Mr. Stuart's co-defendant.

2. The trial court erred when it gave an inadequate response to a jury question concerning the differences between complicitor liability and liability for conspiracy to commit a crime.

3. His conviction for menacing should be a lesser included offense of his conviction for robbery.

4. His conviction for three menacing counts is supported by insufficient evidence.

     5. The trial court abused its discretion in sentencing Mr. Stuart.

     6. His trial counsel was ineffective for participating in drafting the inadequate response the trial court provided to the jury.

Respondents assert that Claims Two, Three and Four are exhausted; Claim Six is not exhausted, but a state court remedy exists; and Claims One and Five are procedurally barred. In his Reply, Mr. Stuart asserts that his claims have been fully exhausted and are now properly before this Court. In his Response to the Order to Show Cause, Mr. Stuart explains that he would like to dismiss his unexhausted claim and proceed only with his exhausted claims.

II.    Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner

4

to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Stuart' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a

probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents argue that Claims One and Five are unexhausted because Mr. Stuart relied only on Colorado case law when he presented these claims to the state courts. Pre-Answer Resp. at 9-11. Respondents therefore argue that Mr. Stuart failed to present these claims to the state courts as asserting a federal constitutional question. *Id.* Respondents conclude that the claims now are procedurally barred because under Colo. R. Crim. P. 35(c)(3)(VI) & (VII), the claims would be rejected as successive and an abuse of the process. *Id.*

Upon review of Mr. Stuart's opening brief on direct appeal, the Court does not agree with the Respondents that Mr. Stuart's presentation of Claim One fails to satisfy the fair presentation requirement. *See* Pre-Answer Resp. at Ex. A, p. 17-22. In presenting his claim that the trial court committed reversible error when it prevented the jury from hearing an exculpatory statement, Mr. Stuart repeatedly discussed "fundamental fairness", and his constitutional right to present a defense. *Id.* He also cited to two United States Supreme Court cases: *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) and *Washington v. Texas*, 388 U.S. 14, 19 (1967). Liberally construing his pleadings, the Court finds that Mr. Stuart's argument in the state court was sufficient to exhaust a due process claim like the one he raises in this action. Accordingly, the Court finds that Claim One is exhausted.

With respect to Mr. Stuart's fifth claim (the trial court abused its discretion in sentencing Mr. Stuart), the Court has reviewed his opening brief on direct appeal, and

finds that Mr. Stuart failed to satisfy the fair presentation requirement for this claim.  Mr. Stuart failed to cite to any United States Supreme Court authority and he failed to label the claim a federal one.  *See* Pre-Answer Resp. at Ex. A, p. 49-51.  Instead, Mr. Stuart relied only on Colorado state case law in developing his argument that the trial court abused its discretion in sentencing him.  *Id.*  In order to allow the state courts the opportunity to act on or correct the constitutional violations Mr. Stuart alleges, he must do more than just invoke magic words which may possibly be interpreted to raise a constitutional claim.  Instead, he must provide legal theory explaining how the decisions of the state court violated the particular federal constitutional rights he claims were violated.  *See, e.g., Anderson*, 459 U.S. at 78 (claim on direct appeal that jury instruction was reversible error did not fairly present due process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim).  Accordingly, the Court finds that Mr. Stuart has failed to exhaust state court remedies for his fifth claim.

Moreover, with limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Mr. Stuart from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction

proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). The Court finds that Mr. Stuart has procedurally defaulted Claim Five.

Mr. Stuart also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim Five, therefore, is procedurally barred from federal habeas review and must be dismissed.

With respect to Claim Six, Mr. Stuart concedes that he is currently in the process of exhausting this claim in state court, and he has decided to voluntarily dismiss this claim in order to proceed with his exhausted claims. *See* Response to Order to Show Cause. Therefore, in accordance with Mr. Stuart's wishes, unexhausted Claim Six will also be dismissed. Accordingly, it is

ORDERED that Claims Five and Six are dismissed as discussed above. It is

FURTHER ORDERED that within thirty (30) days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claims One, Two, Three and Four. It is

FURTHER ORDERED that within thirty (30) days of the filing of the answer

Applicant may file a reply, if he desires.

DATED this 17th day of March, 2011.

BY THE COURT:

s/ *William J. Martínez*
United States District Judge